_____

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, NORTHERN DIVISION
_____

| | |
|---|---|
| RICHARD W. CALDWELL,<br><br>                Plaintiff,<br><br>vs.<br><br>DIVISION OF CHILD AND FAMILY SERVICES, et al.,<br><br>                Defendants. | Case No. 1:08 cv 0100 CW<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

      Defendants Pam Boydston, Christie Olson, and the State of Utah's Division of Child and Family Services (DCFS), filed a motion to dismiss on October 27, 2008,[1] that Defendants Bill and LaRena Caldwell joined on October 29, 2008.[2] "The basis of Defendants' Motion to Dismiss is that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine."[3] The *Rooker-Feldman* doctrine bars a litigant from reversing or modifying a state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983.[4] Thus, a litigant who is unhappy with a state court decision cannot simply relitigate their case by filing in federal district court.[5]

---

[1] Docket no. 5.
[2] Docket no. 11.
[3] Def.s' mtn p. 2.
[4] *See* Anderson v. State of Colorado, 793 F.2d 262, 263 (10th Cir. 1986).
[5] *See* Bolden v. City of Topeka, 441 F.3d 1129, 1139 (10th Cir. 2006).

Plaintiff, Richard Caldwell, filed his Complaint on August 12, 2008,[6] after the Court granted his motion to proceed *in forma pauperis*.[7]  Caldwell's Complaint centers on alleged violations of his Constitutional rights in connection with custody proceedings involving Plaintiff's alleged natural minor child W.A.C.  After reviewing Caldwell's Complaint liberally,[8] the Court recommends Defendants' motion to dismiss be granted.

Finally, the Court notes that Caldwell has failed to oppose Defendants' motion and the time to do so has passed.[9]  Granting Defendants' motion based on a lack of Plaintiff opposing the motion, therefore, would also be proper under the local rules.[10]

## DISCUSSION

Defendants argue that the Court should dismiss Caldwell's Complaint because this Court "lacks subject matter jurisdiction to review state court decisions pursuant to the *Rooker-Feldman* doctrine."[11]  The Court agrees.

Federal courts are courts of limited jurisdiction and they possess only the power authorized by the Constitution and acts of Congress.[12]  One such restriction is the limitation on

---

[6] Docket no. 3.
[7] Docket no. 2.
[8] *See* Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988); Keeton v. State of Okl., 32 F.3d 451, 452 (10th Cir. 1994).
[9] *See* DUCivR 7-1(b)(4) (stating that a memorandum opposing a motion to dismiss must be filed with thirty days after service of the motion).
[10] *See* DUCivR7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").
[11] Mem. in Supp. p. 11.
[12] *See* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

federal courts to reverse or modify state court judgments.[13]  Another is a prohibition against a federal district court hearing an appeal from a judgment rendered by the state courts.[14]  Both of these restrictions fall under what is generally called the *Rooker-Feldman* doctrine.[15]  "This doctrine "precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment."[16]

Here, Caldwell avers that jurisdiction is properly based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343.[17]  Plaintiff asserts his claims under 42 U.S.C. 1983 and the 14th Amendment to the United States Constitution.[18]  Specifically, Caldwell asks this Court to do the following: enter an order, declaring "all proceedings, orders and judgements [sic] of the Juvenile Court in case #515224 be declared null and void;"[19] issue an immediate injunction "stopping defendants from continueing [sic] to violate plaintiff's civil rights;"[20] award Plaintiff actual damages

---

[13] *See* Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (finding no federal court "could entertain a proceeding to reverse or modify" a state court judgment, because "[t]o do so would be an exercise of appellate jurisdiction.  The jurisdiction possessed by the District Courts is strictly original.").

[14] *See* Bolden 441 F.3d at 1139 ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state court judgments.").

[15] *See* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[16] *Mo's Express, LLC v. .Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (quoting *Kenmen Engineering v. City of Union*, 314 F.3d 468, 473 910th Cir. 2002)).

[17] *See* Complaint p. 1.  Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2006).  Section 1343 provides that federal district courts shall have original jurisdiction of any civil action to recover damages for violations of 42 U.S.C. 1985 or "for the protection of civil rights." 28 U.S.C. § 1343 (a)(4) (2006).

[18] *See* Complaint p. 1.

[19] *Id.*at p. 6.

[20] *Id.*

incurred as a result of defendant's action; and award Plaintiff "all costs, fees and other expenses."[21] In essence, Caldwell is asking this Court to "effectively act as an appellate court in reviewing the juvenile court's disposition"[22] and reverse its judgment terminating Plaintiff's parental rights. Under the *Rooker-Feldman* doctrine, however, this Court cannot reverse or modify a state court judgment. Caldwell's allegations of Constitutional violations should be raised with the appropriate state appellate court on direct appeal and not with this Court.[23]

## RECOMMENDATION

Based on the foregoing, the Court recommends that Defendants' Motion to Dismiss be GRANTED.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 17th day of December, 2008.

Brooke C. Wells
United States Magistrate Judge

---

[21] *Id.*
[22] *Warnick v. Briggs*, 2007 WL 3231609 *9-10 (D.Utah Oct. 30 2007).
[23] *See Anderson v. State of Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) ("Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983.").